UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KENNETH D. CHRISTMAN, M.D.,

    Plaintiff,

    v.         Case No. 1:05-CV-192

WILLIAM A. GRAYS,

    Defendant.

**ORDER**

This matter is before the Court upon defendant William A. Grays's motion for summary judgment (doc. 2), plaintiff's response (doc. 7), and defendant's reply (doc. 9). Also before the court is plaintiff's motion to remand (doc. 8), and defendant's response to that motion (doc. 11). The Court has ascertained the disputed and undisputed facts from the parties' briefs and affidavits. Additionally, the Court has determined that the United States is the real party in interest in this action and substitutes the United States as the defendant.

**I. Factual allegations**

The facts are undisputed unless otherwise noted. William Grays sustained injuries in an automobile accident on November 16, 2002. His injuries included multiple facial lacerations. Grays was brought to the emergency room at Sycamore Hospital in Miamisburg, Ohio for treatment. Although the hospital had physicians and other medical staff on duty, the nature of Grays's injuries demanded the attention of a plastic surgeon. The hospital contacted the plaintiff, Dr. Kenneth Christman, M.D., the plastic surgeon on call at the time.

At the time of the accident, Grays was a Staff Sergeant in the United States Army Ohio National Guard, serving on active duty. He was covered by the TRICARE[1] medical benefits program. Before administering treatment, Dr. Christman asked Grays whether he had medical insurance. Grays stated that he was covered by the TRICARE program, and presented his TRICARE identification card to Dr. Christman.

Dr. Christman informed Grays that he did not participate in the TRICARE program and would not submit a claim to the program for reimbursement. Dr. Christman allegedly further explained that Grays would be personally responsible for the cost of the care he was about to provide. Dr. Christman argues that Grays orally agreed to assume responsibility for the charges. Grays denies agreeing to pay out-of-pocket costs in the emergency room. Dr. Christman treated Grays's injuries.

Subsequently, Dr. Christman billed Grays a total of $5,542 for five medical procedures. After receiving this bill, Grays submitted a claim under the Supplemental Health Care Program ("SHCP"), which provides benefits to covered servicemembers who receive treatment from civilian medical facilities. 32 C.F.R. § 199.16(a)(2). The SHCP, while not part of TRICARE, employs the TRICARE reimbursement scheme and related regulations, subject to some special rules. *Id*. at (a)(1), (2).

Grays's claim was handled by Palmetto Government Benefits Administrators ("PGBA"), the TRICARE claims contractor for Grays's region. PGBA sent Grays a check for $746.10 in

---

[1] TRICARE is a supplement to the older CHAMPUS medical benefits program for service members, intended to reduce costs through contractor underwriting and a network provider arrangement. *Baptist Physician Hosp. Org., Inc. v. Humana Military Healthcare Svcs.*, 368 F.3d 894, 895-96 (6th Cir. 2004). Since William Grays was a member of TRICARE, the Court uses that designation to refer to the military medical benefits program.

fulfillment of the claim, along with the following explanation of benefits detailing the procedures performed by Dr. Christman and the billed and allowable amounts for each:

| Procedure | Amount Billed | TRICARE Approved |
|---|---:|---:|
| Repair of wound or lesion | $ 1,779.00 | $ 437.07 |
| Repair of wound or lesion | $ 1,779.00 | $ 0.00 |
| Repair wound/lesion add-on | $ 1,516.00 | $ 138.51 |
| Repair superficial wound(s) | $ 338.00 | $ 73.20 |
| Medical services at night | $ 130.00 | $ 0.00 |
| TRICARE Approved: | | $ 648.78 |
| Paid to beneficiary (115 % of approved amount): | | $ 746.10 |

PGBA determined that the charges for one of the two "repair of wound or lesion" procedures was a duplicate charge and the charge for "medical services at night" was not a covered charge under the TRICARE program, and denied payment for those services. Neither party has disputed PGBA's determination of which services were covered and which were not.

Grays forwarded the TRICARE check to Dr. Christman's collection agency, which credited it against the bill, leaving a balance of $4,795.90. Dr. Christman sued Grays to recover this balance, alleging that he and Grays had entered into an oral contract prior to treatment, whereby Grays assumed personal liability for all charges. He also argues that imposing the TRICARE reimbursement scheme on non-participating providers amounts to an unconstitutional taking under the Fifth Amendment.

The United States argues that there was no such agreement, that Dr. Christman's recovery is limited to the TRICARE allowable amount, and that Grays was unable to waive the SHCP billing limits by agreement. Additionally, the government argues that Dr. Christman's claim is barred by the doctrine of sovereign immunity because the United States is the real party

3

in interest.

## II.  Procedural posture

The plaintiff, Dr. Christman, brought this action in the Municipal Court of Lebanon, Ohio.  Prior to judgment in those proceedings, the United States Attorney substituted itself as counsel for defendant Grays.  Grays then removed the action to this Court under 28 U.S.C. § 1442a (providing for the removal of state court actions against members of the armed forces under certain circumstances) (doc. 1).  The United States filed a motion for summary judgment in its favor and requested that it be substituted as defendant in the action (doc. 2). The plaintiff Dr. Christman filed an opposing memorandum and a motion to remand the action to state court (docs. 7, 8).

## III.  Motion to Remand

Dr. Christman moves to remand this action back to the state court for resolution of the alleged oral agreement between the parties.  The United States opposes the motion to remand, pointing to its arguments in support of its motion for summary judgment.  The United States argues that removal to this Court was proper under 28 U.S.C. § 1442a.  The Court finds that plaintiff Dr. Christman does not expressly challenge the removal under § 1442a in either his opposition to the United States's motion for summary judgment (doc. 7) or his motion to remand (doc. 8), and he asserts no basis for remand to the state court. Accordingly, the plaintiff's motion to remand is denied.

## IV.  Subject Matter Jurisdiction

The federal defendant and Grays base the subject matter jurisdiction of the Court in this action upon 28 U.S.C. § 1346 and § 1442a.

Plaintiff does not challenge the substitution of the United States as the defendant in this case. The United States is the real party in interest in actions where the federal treasury might ultimately be liable. *See Dugan v. Rank*, 372 U.S. 609, 620 (1963). Here, the United States concedes that the federal treasury is ultimately responsible for any judgment against Grays under 32 C.F.R. § 199.16(d)(1). This section states that the SHCP does not impose beneficiary cost sharing, and that "all amounts due to be paid to the provider shall be paid by the program." The United States concludes that if Grays is held liable to Dr. Christman in excess of the amount already paid by the SHCP, the United States must pay the judgment.

Plaintiff Christman does not refute the United States's assertion that it is the real party in interest. The Court finds the substitution of the United States as the defendant is proper and this Court has subject matter jurisdiction over this action.

### V. Sovereign immunity

The United States argues that sovereign immunity bars Dr. Christman's suit. It is well-established that the United States, as sovereign, "may not be sued without its consent." *United States v. Testan*, 424 U.S. 392, 399 (1976). The Court has already found that the United States is the real party in interest. There is no evidence or allegation that the United States has expressly consented to this action. Further, plaintiff Christman does not refute the United States's assertion of immunity, nor does he offer evidence that immunity has been waived. Accordingly, the United States is entitled to summary judgment on this ground. Even if a waiver can be shown, the United States is entitled to summary judgment on Dr. Christman's claim for the reasons stated below.

5

## VI.  Summary Judgment

In its motion for summary judgment, the United States argues that Dr. Christman has already been fully reimbursed under the SHCP and therefore is not entitled to further recovery for the medical services he provided to Grays.  In response, Dr. Christman claims that he did not participate in the SHCP or TRICARE and therefore was not bound by their reimbursement provisions, and that Grays entered into an oral agreement to pay for the services personally. Plaintiff Christman attempts to establish the existence of a genuine issue of material fact by presenting his own affidavit attesting to such an agreement.

 In reply, the United States concedes that there may have been "some agreement" made between Grays and Christman in the emergency room but argues that the existence of such an agreement is immaterial.  It asserts that the SHCP regulations encompass all medical providers, whether they  participate in the program or not, limiting the reimbursement to which they are entitled.  Finally, the United States argues that Grays was unable to circumvent the operation of the SHCP by private agreement.

If the SHCP precludes Dr. Christman from further recovery, no genuine issue of material fact remains, and the United States is entitled to summary judgment.  If the SHCP does not fully resolve Grays's liability for the medical services Dr. Christman provided, a genuine issue of material fact exists.  For the reasons stated below, the Court finds that no issues of material fact remain and that the United States is entitled to summary judgment.

A. **Summary judgment standard**

Fed R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action. This Court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly-supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).

The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *Id*. at 249 (citing *Cities Serv.*, 391 U.S. at 288-89). If the evidence is merely colorable, *Dombrowski v. Eastland*, 387 U.S. 82, 84 (1967), or is not significantly probative, *Cities Serv.*, 391 U.S. at 290, judgment may be granted. *Anderson*, 477 U.S. at 249.

B. **Applicable law**

The SHCP[2] reimburses private sector medical service providers for charges arising from the treatment of active duty members of the armed forces. 32 C.F.R. § 199.16. Reimbursement

---

[2] Though the SHCP is distinct from TRICARE, it incorporates by reference certain TRICARE provisions. 32 C.F.R. § 199.16(a)(2), (b). The TRICARE references that follow serve only to explain the SHCP, which governs this action.

is limited to the allowable amount as defined under the TRICARE program. *Id*. at (b), (d)(5). This reimbursement limitation applies to all providers.

**(1)** ***Dr. Christman is an authorized, non-participating provider***

**(a)** *Authorized providers*

Only TRICARE-authorized providers are eligible for reimbursement under the SHCP. 32 C.F.R. § 199.6(a)(7). Section 199.6(c) establishes an individual professional provider class. Subsection (c)(3)(i)(A) specifies that, subject to the standards of the SHCP participation provisions, Doctors of Medicine are among the individual professional providers authorized to provide services to TRICARE beneficiaries. Conditions of authorization for this class of providers include a professional license requirement or a professional certification requirement. *Id*. at (c)(2)(i),(ii). Thus, all licensed physicians (with limited exceptions that are not material to this case) are authorized providers, subject to the SHCP participation provisions.

There is no dispute that Dr. Christman is an M.D. and a plastic surgeon and that the procedures he performed on defendant Grays were within of the scope of his training. Based on this record, the Court finds that Dr. Christman is an "authorized provider" within the meaning of the SHCP. As an authorized provider, Dr. Christman must either hold participating or non-participating status.

**(b)** *Participating v. Non-participating*

A TRICARE-authorized individual provider is a participating provider if either (1) he or she voluntarily enters into a participation agreement or (2) he or she chooses not to enter into a participation agreement but instead elects to participate on a claim-by-claim basis by submitting a signed claim form on behalf of the beneficiary. 32 C.F.R. § 199.6(a)(8)(ii), (iii). An individual provider who takes neither of these actions is a non-participating provider.

Dr. Christman maintains that he is a non-participating provider and asserts that he informed Grays of this fact in the emergency room before treatment. No evidence has been presented that Dr. Christman entered into a voluntary agreement to participate. Likewise, there is no evidence that he elected to participate with respect to Grays's claim. Rather, Grays submitted his own claim. Accordingly, the Court finds that Dr. Christman is a non-participating provider under the SHCP.

**B.**     ***Reimbursement under the SHCP***

Under the SHCP "no provider may bill an active duty member any amount in excess of the ... allowable amount." 32 C.F.R. §199.16(d)(5). By its language, this restriction is not limited to participating providers, so it applies to all authorized providers. Thus, a non-participating provider may not bill an active duty service member beyond the allowable amount for services without the authorization of the SHCP administrator. *Id*. The allowable amount is defined in 32 C.F.R. § 199.14(j). The parties have not disputed the PGBA's determination that the allowable amounts for the services at issue total $648.78.

Because Dr. Christman is an authorized provider and defendant Grays's claim was made under the SHCP, he is only entitled to the allowable amount for the services he provided. Accordingly, Dr. Christman is not entitled to payment beyond the amount already disbursed in satisfaction of Grays's claim.

## VII.  Fifth Amendment

Dr. Christman also argues that the SHCP regulations constitute a taking in violation of the Fifth Amendment to the United States Constitution to the extent they preclude the payment he seeks for his services. The basis of this argument is that the time and skills of a physician are property that is taken without just compensation by the SHCP program due to the allegedly low

reimbursement rates the program provides. In support, plaintiff Christman cites Supreme Court authority recognizing Fifth Amendment protection for the holder of trade secrets confronted with a federal statute mandating public release of that information. *Ruckelhaus v. Monsanto Co.*, 467 U.S. 986, 1001-03, 104 S.Ct. 2862 (1984). The United States counters with a barrage of authority denying takings claim brought by medical professionals in response to Medicare billing limitations. *See e.g., Garelick v. Sullivan*, 987 F.2d 913 (2d. Cir. 1993); *Whitney v. Heckler*, 780 F.2d 963 (11th Cir. 1986); *Metrolina v. Sullivan*, 767 F.Supp 1314 (W.D. N.C. 1989).

      Plaintiff Christman's Fifth Amendment claim is without merit. The weight of authority dictates that medical billing restrictions imposed by Medicare do not work an unconstitutional taking. The present circumstances, involving SHCP billing restrictions, are not materially distinguishable from the Medicare context. The authority plaintiff Christman cites – allowing Fifth Amendment protection for trade secrets – is far too tenuous to support the dramatic departure from existing Fifth Amendment jurisprudence that he advocates. Accordingly, the plaintiff cannot establish a Fifth Amendment violation.

**10**

## VIII.  Conclusion

For the foregoing reasons, the United States is substituted for William A. Grays as defendant.  The plaintiff's motion to remand is DENIED.  The United States's motion for summary judgment is GRANTED as to plaintiff's claim for recovery of unpaid medical charges and plaintiff's claim under the Fifth Amendment.  The plaintiff's complaint is DISMISSED with prejudice.  This case is terminated on the docket of this Court.

**IT IS SO ORDERED.**

S/ Herman J. Weber
HERMAN J. WEBER, SENIOR JUDGE
UNITED STATES DISTRICT COURT

J:\HJWA\05-192.shcpmsjPUB.wpd